# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 11-899V
**(Not to be published)**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

The estate of MARGIE D. REINECCIUS, decedent, by and through MARCEY A. BLANKENSHIP as personal representative,

    Petitioner,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES,

    Respondent.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Filed: October 31, 2014

Decision by Stipulation; Damages; Influenza ("Flu") Vaccine; Guillain-Barre Syndrome ("GBS").

*Isaiah R. Kalinowski*, Maglio Christopher and Toale , PA (DC), for Petitioner.

*Traci R. Patton*, U.S. Dep't of Justice, Washington, D.C., for Respondent.

## DECISION AWARDING DAMAGES[1]

On December 22, 2011, Margie D. Reineccius filed a petition seeking compensation under the National Vaccine Injury Compensation Program.[2] Marcey A. Blankenship, appeared later in the action as personal representative of Ms. Reineccius' estate after Ms. Reineccius' death. The Petitioner alleges that as a result of receiving the influenza ("flu") vaccine on or about February 2, 2012, Ms. Reineccius suffered from Guillain-Barre Syndrome ("GBS"), and that she

---

[1] Because this ruling contains a reasoned explanation for my action in this case, it will be posted on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the inclusion of certain kinds of confidential information. To do so, Vaccine Rule 18(b) provides that each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the ruling will be available to the public. *Id.*

[2] The National Vaccine Injury Compensation Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended, 42 U.S.C.A. § 300aa-10 – 34 (2006)) [hereinafter "Vaccine Act" or "the Act"]. Individual sections references hereafter will be to § 300aa of the Act.

experienced the effects of this injury for more than six months.

Respondent denies that the flu vaccine caused Ms. Reineccius's alleged GBS, any other injury, or her death. Nonetheless both parties, while maintaining their above-stated positions, agreed in a stipulation (filed October 29, 2014) that the issues before them can be settled and that a decision should be entered awarding Petitioner compensation.

I have reviewed the file, and based upon that review, I conclude that the parties' stipulation (as attached hereto) is reasonable. I therefore adopt it as my decision in awarding damages on the terms set forth therein.

The stipulation awards:

- A lump sum of $325,000.00 in the form of a check payable to petitioner as legal representative of the Estate of Margie D. Reineccius.[3]

These amounts represent compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a). Stipulation ¶ 8.

I approve a Vaccine Program award in the requested amounts set forth above to be made to Petitioner. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[4]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[3] Petitioner represents that she presently is, or within 90 days of the date of judgment will become, duly authorized to serve as legal representative of the Estate of Margie D. Reineccius under the laws of the State of Arizona. No payments pursuant to this Stipulation, however, shall be made until petitioner provides the Secretary with documentation establishing her appointment as legal representative of the Estate of Margie D. Reineccius. If petitioner is not authorized by a court of competent jurisdiction to serve as legal representative of the Estate of Margie D. Reineccius at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as legal representative of the Estate of Margie D. Reineccius upon submission of written documentation of such appointment to the Secretary.

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by each filing (either jointly or separately) a notice renouncing their right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| The estate of MARGIE D. REINECCIUS, Decedent, by and through MARCEY A. BLANKENSHIP, as personal representative, ) ) ) ) Petitioner, ) v. ) ) SECRETARY OF HEALTH AND HUMAN ) SERVICES, ) ) Respondent. ) | No. 11-899V<br>Special Master Corcoran<br>ECF |

STIPULATION

The parties hereby stipulate to the following matters:

1. A petition for vaccine compensation was filed by Margie D. Reineccius ("Ms. Reineccius"), under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). Upon Ms. Reineccius's death, Marcey A. Blankenship was substituted as petitioner and filed an amended petition. The petition seeks compensation for injuries and death allegedly related to Ms. Reineccius's receipt of an influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. Ms. Reineccius received the flu vaccine on October 10, 2011.

3. The vaccine was administered within the United States.

4. Petitioner alleges that as a result of receiving the flu vaccine, Ms. Reineccius suffered Guillain-Barré Syndrome ("GBS"). Ms. Reineccius passed away on February 2, 2012. Petitioner further alleges that Ms. Reineccius's death was the sequela of her alleged vaccine-related injury.

1

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on behalf of Ms. Reineccius as a result of her alleged condition or her death.

6. Respondent denies that the flu vaccine caused Ms. Reineccius's alleged GBS, any other injury, or her death.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of $325,000.00 in the form of a check payable to petitioner as legal representative of the Estate of Margie D. Reineccius. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and her attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

11. Payment made pursuant to paragraph 8 of this Stipulation, and any amount awarded pursuant to paragraph 9, will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. Petitioner represents that she presently is, or within 90 days of the date of judgment will become, duly authorized to serve as legal representative of the Estate of Margie D. Reineccius under the laws of the State of Arizona. No payments pursuant to this Stipulation shall be made until petitioner provides the Secretary with documentation establishing her appointment as legal representative of the Estate of Margie D. Reineccius. If petitioner is not authorized by a court of competent jurisdiction to serve as legal representative of the Estate of Margie D. Reineccius at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as legal representative of the Estate of Margie D. Reineccius upon submission of written documentation of such appointment to the Secretary.

13. In return for the payment described in paragraph 8, and any amount awarded pursuant to paragraph 9, petitioner, in her individual capacity, and as the Personal Representative of the Estate of Margie D. Reineccius, on behalf of Ms. Reineccius's heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300 aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries

to or death of Ms. Reineccius resulting from, or alleged to have resulted from, the flu vaccine administered on October 10, 2011, as alleged in a Petition filed on December 22, 2011, in the United States Court of Federal Claims as petition No. 11-899V.

14. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the United States Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

15. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages.

16. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused Ms. Reineccius's alleged GBS, any other injury, or her death.

17. All rights and obligations of petitioner in her capacity as the Personal Representative of the Estate of Margie D. Reineccius shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

Respectfully submitted,

PETITIONER:

*[signature]*
MARCEY A. BLANKENSHIP

ATTORNEY OF RECORD FOR
PETITIONER:

*[signature]*
ISAIAH KALINOWSKI
Maglio Christopher & Toale, P.A.
1455 Pennsylvania Avenue, NW
Suite 400
Washington, DC 20004
Tel: (941) 952-5242

AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

*[signature]*
VINCENT J. MATANOSKI
Deputy Director
Torts Branch
Civil Division
U. S. Department of Justice
P. O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:

*[signature] for*
A. MELISSA HOUSTON, M.D., M.P.H., FAAP
Director, Division of Injury Compensation
      Programs (DICP)
Healthcare Systems Bureau
U.S. Department of Health and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857

ATTORNEY OF RECORD FOR
RESPONDENT:

*[signature]*
TRACI R. PATTON
Senior Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 353-1589

DATE: 10/29/2014

5